

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable E. L. Shelton
County Auditor
Johnson County
Cleburne, Texas

Dear Sir:

Opinion No. O-4053
Re: Commissioners' Court has no
authority to pay a workman
for time off due to injuries.

Your request for an opinion of this department
reads:

"Sometime back an employee of one of the
Commissioners was injured and was taken to a
hospital by the Commissioner. I am told that
the Commissioner informed the hospital that
the bill would be paid by the County, whether
this be true or not I do not know, but the bill
was presented for payment and I refused same.
Also likewise the Doctor's bill and drug bill
was turned down. This man has been paid a
salary all the time and I understand that he
has never returned to work his pay roll being
turned in along with the other employees. Can
this be legally done? That is, pay this man's
salary with the intent of paying his bills and
call it labor? If not, is there any way to
require a commissioner to make a statement that
would stand up that every man listed on his
pay roll is absolutely working?

"In the event there is some method to make
such requirement and time is turned in for a man
that does not work who is liable and what is the
recourse?"

Pursuant to our request for additional information,
you have advised that you are not interested as to the liability

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Z. L. Shelton, Page 2

of the county for the payment of doctor's and hospital bills, as you have refused such payments under our opinion No. 0-2951 and other opinions of this department. You state that the party involved in your inquiry was injured in October, 1940, and at the time was working on a daily basis. After the injury he was placed on the payroll on a monthly basis and was so paid by the county until recently, but worked during none of such time.

We have carefully examined the statutes and find no authority for the Commissioners' Court to pay an employee not actually performing the duties of his position. It is our opinion that the Commissioners' Court had no authority to certify the payment of salary to the employee involved in your inquiry, and that such payments as have been made are in violation of Article 3, Section 51 of the Constitution of Texas.

You ask if there is any way "to require a Commissioner to make a statement that would stand up that every man listed on his payroll is absolutely working." We call your attention to Article 1660 of the Revised Civil Statutes dealing with the approval of claims. Among the powers of the auditor it is provided:

". . . if he deems it necessary all such accounts, bill or claims must be verified by affidavit touching the correctness of the same. The auditor is hereby authorized to administer oath for the purposes of this law."

Having held that the payments so made were without authority of law, you then ask who is liable therefor and the proper recourse.

This inquiry, by its very nature, involving mixed questions of law and of fact, cannot be categorically answered by this department. We do not have sufficient facts before us to justify a commitment as to what proceeding you should resort.

We suggest that you discuss the matter with your county or district attorney and call his attention to Arti-

Honorable E. L. Shelton, Page 3

-cles 1928 and 2340, Revised Civil Statutes. We will be glad to advise him upon such problems as confront him after he has considered all facts.

Yours very truly

ATTORNEY GENERAL OF TEXAS

FIRST ASSISTANT

By Lloyd Armstrong

FIRST ASSISTANT
ATTORNEY GENERAL

Lloyd Armstrong
Assistant

LA:GO



APPROVED
OPINION COMMITTEE
BY BWB
CHAIRMAN